Mr. Sam Gibson Benton City Attorney Post Office Box 211 Benton, Arkansas 72018
Dear Mr. Gibson:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision to deny release of a document in response to a citizen request is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 2002 and Supp. 2005). Specifically, you have attached a copy of the request letter, addressed to the Benton Police Chief, which seeks "any and all documentation concerning the dismissal of [a former police officer] from her position with the Benton Police Department." Information provided this office by the requester indicates that the former police officer is currently a Deputy Sheriff with the Saline County Sheriff's Department. The subject of the records has stated in a letter to the Chief that she "feels this FOIA request is unwarranted and is solely based on harassment, humiliation and invasion of . . . privacy." You state that the Chief of Police has forwarded to you a single sheet of paper, "the release of which might be responsive to [the citizen's request]." You state that your "assessment is that the document(s) . . . are `employee evaluation/job performance records' which would be subject to release if there is a compelling public interest in the disclosure of the records in question." You state, however, that "[i]n light of the thorough discussion in . . . Opinion 2005-113, dated May 24, 2005, which involved a very similar set of circumstances" you "have concluded that there is no compelling public interest in the disclosure of the subject record(s), and therefore, [your] advice to Chief Sipes is that those record(s) are exempt from release."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(B) is to determine whether the decision of the custodian "is consistent with" the FOIA. See A.C.A. § 25-19-103(c)(3)(B) (Supp. 2005). In my opinion, although you have enclosed the document in question for my review, I do not have enough factual information to determine whether a compelling public interest exists in the release of the record in question. Whether a compelling public interest exists in the release of particular records is always a question of fact that must be determined in light of all the surrounding facts and circumstances. Ops. Att'y. Gen. 2005-094; 2005-032; and 2005-011. I can state, however, that your reliance on Opinion 2005-113, which you allege "involved a very similar set of circumstances," is misplaced. Although I do not have all the requisite factual information necessary to determine if a "compelling public interest" in disclosure exists in the document you have enclosed, I can state that it presents a stronger case for the finding of a compelling public interest than the situation presented in Opinion 2005-113.
In my opinion, based upon the content of the record, I believe your conclusion that the document should be classified as an "employee evaluation or job performance record" is correct. The FOIA does not define the phrase "employee evaluation or job performance record," nor have the courts found occasion to do so. My predecessors have opined, however, and I agree, that a dismissal or termination letter that contains the reasons for the termination is an employee evaluation or job performance record for purposes of the FOIA. See e.g., Op. Att'y. Gen. 1995-171, (relying on Ops. Att'y. Gen. 1992-191 and 1988-97).
The FOIA in A.C.A. § 25-19-105(c)(1) (Supp. 2005), dictates that employee evaluations be released only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
The first prong of the above test has been met. The record you have enclosed indicates that the employee was terminated from her employment with the Benton Police Department.[1] It appears, additionally, that this record "formed a basis" for the termination. Cf. Op. Att'y. Gen. 2005-030, n. 3 (stating that documents which communicate the employer's decision to suspend an employee can "form a basis" for the action). I assume, moreover, because the document is over twenty years old, that the dismissal is final. You have correctly framed the issue, therefore, by stating that the document "would be subject to release if there is a compelling public interest in the disclosure of the records in question."
As I recently stated in Op. Att'y. Gen. 2005-245:
 The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professors Watkins and Peltz in their book, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press 4th ed. 2004), have provided some guidelines for determining whether such an interest exists. They state: "the nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." Watkins and Peltz, supra at 205. In this regard, Professors Watkins and Peltz also state: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 207. Watkins and Peltz have also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. Watkins and Peltz, supra at 206 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") However, Professors Watkins and Peltz note that "[i]n some cases, . . . rank is unrelated to importance" — a proposition they illustrate by noting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police." Id. at 207.
Id. at 5.
It has been stated that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension of termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employee's; and (3) the employee's position within the agency." Watkins and Peltz at 207. With regard to the third factor, however, the quoted language above regarding the "great interest" in law enforcement officials should be noted.
The factors that weigh in favor of finding a compelling public interest in this particular case involve the content of the letter and the fact that the subject then held and currently holds a position of public trust in law enforcement. One factor potentially weighing against the finding of a compelling public interest is that the record is more than 20 years old. Notwithstanding the presence of these known factors, I have not been presented sufficient information to determine the appropriate balance of these factors. I cannot determine, for example, the circumstances surrounding the content of the document (which appears to contain a bare legal conclusion but no further elaboration), or whether there is a public controversy surrounding the agency or the content of the document in question. I cannot determine from the information presented whether the content of the letter is in fact already a matter of public record or whether it might in fact be protected from disclosure by some other law or process. I am unable to speculate concerning these matters.
I can state, however, that the content of the document in question does not, as you assert, involve a "very similar set of circumstances" to the one discussed in Op. Att'y. Gen. 2005-113. Although that opinion also involved a request for documents pertaining to a former Benton police officer and at least one issue in the opinion involved whether there was a "compelling public interest" in disclosure, the actual underlying records in the two instances are quite distinct. Your reliance on that opinion as precedent for the very different fact pattern in this instance is therefore misplaced. Although again, I cannot make a definitive determination in this instance, I can state that the document about which you now inquire appears to present a stronger case for the finding of a compelling public interest than the situation presented in Opinion 2005-113.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: ECW/cyh
[1] The subject of the record appears to acknowledge the dismissal in her letter to the Chief. In addition, you have tendered a document to this office which you state may be responsive to the request for documents related to the subject's "dismissal" and indicate that all components of the test for release of employee evaluation and job performance records have been met save the "compelling public interest" prong. Although I am sometimes constrained as to my discussion in a public legal opinion of the contents of documents which may or may not be exempt from disclosure, it is clear from the presentation of the issue to this office that the question involves a termination-related document. See also, in this regard, Opinion2005-100 (fn 2), stating "[d]isclosing the change in status of an employee, e.g., the fact of termination or resignation, must be distinguished from disclosing the reason for the change in status or other details in this regard under circumstances where the test for the release of "employee evaluation" or "job performance" records has not been met."